IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 6:10-46-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| John Forrest Ham, Jr., | ) | |
| Movant. | ) | |

This matter is before the court on John Forrest Ham's ("Ham's") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 44) and the Government's Motion for Summary Judgment (ECF No. 61). For the reasons set forth below, the Government's motion is granted.

## I. Procedural History

On May 12, 2010, Ham pled guilty to possession of a firearm by a convicted felon, in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count One); carjacking, in violation of 18 § U.S.C. 2119(1) (Count Two); and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924 (c)(1) (Count Three). On September 10, 2010, Ham was sentenced by United States District Judge Henry F. Floyd to a total of 319 month: 235 months for Count One, 180 months for Count Two, to run concurrently, and 84 months for Count Three, to run consecutively. Ham appealed and on July 12, 2011, the Fourth Circuit Court of Appeals affirmed Ham's convictions and sentences. Thereafter, Ham filed the instant § 2255 motion. In response, the Government filed a Motion for Summary Judgment.

## II. Standard of Review

To obtain relief on a motion under 28 U.S.C. § 2255, the movant must prove that one

of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Thus, a movant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). However, if a movant does not raise a claim on direct review, he may not raise it for the first time on collateral review unless the movant can show (1) cause and actual prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 621–22, (1998). If the movant cannot satisfy the cause and prejudice analysis, movant may be excused from default if the case falls "within 'the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). To do so the movant must establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With respect to the second prong, a petitioner must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Under § 2255(b), a movant is to be granted an evidentiary hearing on his motion

2

"[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Summary dismissal of § 2255 allegations is "warranted only if a habeas petitioner's allegations when viewed against the record of the plea hearing are palpably incredible or patently frivolous or false." *United States v. White,* 366 F.3d 291, 297 (4th Cir.2004) (*quoting Blackledge v. Allison*, 431 U.S. 63, 76 (1977)) (internal quotation marks omitted).

### III. Discussion

In his § 2255 motion, Ham raises thirteen grounds for relief based upon allegations of ineffective assistance of counsel.

**Ground One: Failure to Make Objections to Presentence Report**

Ham alleges that defense counsel was ineffective because counsel never went over the pre-sentence report ("PSR") with him and did not file any objections to the PSR. Ham's general allegations against his counsel do not meet the *Strickland* standard to show either deficient performance by counsel or prejudice. Further, during Ham's sentencing hearing, upon inquiry from the presiding judge, Ham stated that he had reviewed the PSR with his attorney and had no questions or concerns concerning the PSR. (ECF No. 38 at 2). Accordingly, this ground is without merit.

**Ground Two: Predicate Offenses Does Not Qualify Him as an Armed Career Criminal**

Ham claims that defense counsel was ineffective for failing to argue that Ham's burglary conviction was not a proper predicate under the Armed Career Criminal Act ("ACCA"). Specifically, Ham contends that the PSR stated Ham had committed a prior burglary offense and this prior offense was for a third degree burglary of a building which he alleges is not a proper predicate under the ACCA.

3

A defendant is considered as an armed career criminal ("ACC") if he has three prior violent felony and/or serious drug convictions. 18 U.S.C. § 924(e). The ACCA defines "violent felony" as follows:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that -
>
> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another: or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves the conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924 (e)(2)(B). Burglary is considered a violent felony under 18 U.S.C. § 924(e)(2)(b)(ii). However, burglary is not defined in the ACCA. Under South Carolina law, a person is guilty of third degree burglary "if the person enters a building without consent and with intent to commit a crime therein." S.C. Code Ann. § 16-11-313.

To determine whether an offense under state law falls within the definition of a violent felony, generally this court uses a categorical approach, which "requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *See Taylor v. United States*, 495 U.S. 575, 598-602 (1990). While a court normally may look only to the fact of a conviction and the statutory definition, because some states broadly define burglary to include places other than buildings, the categorical approach may be modified to "permit the sentencing court to go beyond the mere fact of conviction." *Taylor,* 495 U.S. at 602. *See also Shepard v. United States*, 544 U.S. 13, 16-17 (2005).

Under the modified categorical approach set forth in *Taylor*, an offense will constitute burglary if the jury was required "to find all the elements of generic burglary in order to convict the defendant," and "the indictment or information and jury instructions show that the

4

defendant was charged only with a burglary of a building," so "the jury necessarily has to find an entry of a building to convict." *Taylor*, 495 U.S. 602.[1]  Moreover, the court "may rely on a prepared presentence investigations report ("PSR") to determine whether a prior crime qualifies as a predicate offense under the ACCA."  *United States v. Hickman*, 358 F.App'x 488, 489 (4th Cir. 2009)(unpublished).

Ham's first qualifying predicate offense is his state conviction for burglary in the third degree.  According to paragraph 20 of the PSR, Ham's state burglary conviction was committed when Ham forced open the front door of Willie Lynn's residence and entered the residence. (ECF No. 22 - PSR at ¶ 20).  Because the PSR reveals that Ham's conviction for burglary in the third degree involved his entry into a residence with force, this offense constitutes a generic burglary for purposes of the ACCA.  *See Cade v. United States*, 2012 WL 3116021 (D.S.C. 2012).  In addition, because S.C. Code Ann. § 16-11-313 requires an unlawful entry into a building with the separate intent to commit a crime, "it corresponds 'in substance' to *Taylor's* generic definition of burglary."  *United States v. Bonilla*, 687 F.3d 188, 193 (4th Cir. 2012).  Therefore, there was no basis for Ham's defense counsel to object, and

---

[1]Subsequently, in *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.E.2d 1 (2010), the United States Supreme Court held:

> When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the " 'modified categorical approach' " that we have approved [ ] permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record - including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.

*Id.* at 1273 (citations omitted).  The *Johnson* opinion, however, is inapplicable to this case.  In *Johnson,* the Supreme Court addressed a Florida state conviction for battery, not burglary, and the Court specifically noted that burglary was a predicate offense under the ACCA because burglary often leads to violence.

5

Ham is unable to demonstrate prejudice as a result of his counsel's failure to object. Accordingly, this claim is without merit.

**Ground Three: Predicate Offenses Does Not Qualify Him as a Career Offender**

Ham alleges that his defense counsel was ineffective for failing to object to a ten-year-old assault and battery of high and aggravated nature ("ABHAN") conviction being considered a predicate offense for his career offender status.

The three-prong test for career offender status is set forth in United States Sentencing Guidelines § 4B1.1:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Pursuant to the PSR, Ham was convicted of ABHAN and sentenced to five years probation on February 10, 2000. However, on July 25, 2003, Ham's probation was revoked and a three year sentence was imposed. Ham's sentence of imprisonment on the ABHAN conviction thus exceeded thirteen months, and correctly was treated as a predicate offense for career offender status. U.S.S.G. § 4A1.1(a). Therefore, counsel was not deficient for failing to object, and Ham is unable to demonstrate prejudice as a result of his counsel's failure to object. Accordingly, this claim is without merit.

**Ground Four: Miscalculations on Presentence Report**

Ham contends defense counsel was ineffective fo failing to object to miscalculations in the PSR. As the PSR indicates, on January 7, 2002, Ham was sentenced for the two convictions listed in paragraphs 22 and 23. Ham contends that he was incorrectly given two points in the PSR for each of these offenses when there was no intervening arrest.

> U.S.S.G § 4A1.2(a)(2) states:
>
> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest ( i.e., the defendant is arrested for the first offense prior to committing the second offense.). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

Here, while Ham was sentenced on the same day for the convictions listed in paragraphs 22 and 23, the second part of the rule is only applicable if there is no intervening arrest. As the PSR indicates, Ham committed the charge set forth in paragraph 22 on March 23, 2000, and he was arrested on this charge on April 27, 2000. Ham committed the offense set forth in paragraph 23 on August 27, 2001, and he was arrested for that crime on the same date - August 27, 2001. As he was arrested for the first offense prior to committing the second offense, there was an intervening arrest, and Ham's prior sentences should be counted separately. Therefore, because the PSR properly counted them as separate convictions for the purpose of determining Ham's career offender status, defense counsel was not deficient for failing to object, and Ham is unable to demonstrate prejudice as a result of counsel's failure to object. Accordingly, this claim is without merit.

**Ground Five: Miscalculations on Presentence Report**

Ham argues that defense counsel was ineffective for failing to object to the criminal history calculation in his PSR. In this ground, he merely re-states his arguments raised in Grounds Three and Four. Accordingly, this ground is without merit.

**Ground Six: Miscalculations on Presentence Report for Violation of Probation**

Ham argues that defense counsel was ineffective for failing to object to a misstatement in the PSR that he was on probation when the instant offense was committed. Ham contends that at the time of the current offense, he was not on probation. Specifically,

he states his probation expired in December 2008. According to the PSR, Ham was released from the South Carolina Department of Corrections to probation on June 29, 2007, and that Ham committed the current offense on September 17, 2009, and his probation was revoked on November 13, 2009. (ECF No. 22 - PSR at ¶ 24.)

Here, Ham has come forward only with the barest of allegations, all of which are unsupported. In regard to this ground, he has not produced any evidence that defense counsel was deficient in his representation, let alone shown that he was prejudiced. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (holding in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). *See also Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994)(petitioner bears the burden of affirmatively showing deficient performance). Accordingly, this ground is without merit.

**Ground Seven: No Intent for Kidnaping**

Ham contends that his defense counsel was ineffective for failing to inform him that if he did not know there was a person in the vehicle, he did not have the "mens rea," or intent, required for kidnapping. Therefore, he contends that the four-level enhancement provided for in paragraph 46 of the PSR is incorrect.

According to U.S.S.G. § 2B3.1(b)(4)(A), "If any person was abducted to facilitate commission of the offense or to facilitate escape, increase by 4 levels; or (B) if any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase by 2 levels." At Ham's guilty plea, the Government set forth its rendition of the facts:

> [Ham] ran and officers started to chase him in their vehicles he ran to the parking lot of Greenville Community Residence which is a group for (sic) home for mentally disabled persons. There with one of the residents was bus driver R.P. (sic) was in the bus described in the indictment, your honor, waiting to take an individual out of that location. Mr. Ham first of all ran past the bus into some nearby woods while armed with a weapon.
>
> He then came back to the bus on the passenger side knocking on the doors telling her to open it, pointing the gun in her direction. She did not do so. Mr. Ham then went to the driver's side, knocked on the door, pointed the gun at her and told her to open it and get out. He pointed the gun at the direction of her head. .He got into the van. She went out the other side of the van fearing for her life and/or safety.
>
> At that point in time Mr. Ham then took the bus – got in the driver's seat, took the bus and started to drive off. . . .
>
> As he drove off, your Honor, officers who were nearby shot at least one, if not more of the tires located on the bus. They followed him a short distance and then were able to force him to pull the bus over. He then got out of the driver's seat, went out the door -- passenger side door of the bus and started to run up a hill there.
>
> Officers on the scene released a K-9 officer that they had with them. That K-9 stopped Mr. Ham as he went up the hill, held him until officers themselves got up the hill and took custody of him, took the K-9 off of him. As they picked him up he was found to have a loaded firearm underneath him. . .

(ECF No. 37 - Guilty Plea Tr. at 31-32).

The PSR provided that:

> 9. The male subject then ran behind the Greenville Community Residence Center. This is a facility for special needs people and assisted living. An employee of the center was sitting in a bus in the parking lot waiting on one of the residents to get on the bus to go to a daycare facility. The male subject came back around the building just as the resident got on the bus. The male subject attempted to open the bus door and get on, but the employee had locked the door. The male subject ran around the front of the bus to the driver's side door and pointed his gun at the employee and demanded that the door be opened. Fearing for their life, the employee opened the door. The male subject got in and ordered the employee out. The employee left out the passenger side door. The male subject then began driving the bus out of the parking lot with the resident inside as a hostage. The male subject drove straight towards some officers while pointing his gun at the officers. The officers shot at the male subject and the tires on the bus several times. The male subject was able to exit the parking lot and drove towards I-85.

10. Officers pursued and as the bus entered the on ramp to I-85, they noticed that the bus had a flat tire. After the bus entered onto I-85, it began to slow down and came to a stop on the side of the road. The male subject exited the bus and began to run up the embankment in an attempt to escape. A K-9 was released and knocked the male subject to the ground. As the K-9 officer approached the male subject, the male subject rolled over and pointed his gun at the officer. The K-9 again attacked the male subject causing him to drop the gun. Multiple other officers arrived and attempted to restrain the male subject. Officers eventually tased the male subject several times and physically struggled with him before he was finally handcuffed. After being arrested, it was discovered that the male subject was named John Forrest Ham, Jr. and he had a long history of criminal activity.

. . .

46. Specific Offense Characteristics: As noted in the offense conduct, a person was abducted in the defendant's escape attempt. Pursuant to U.S.S.G. § 2B3.1(b)(4)(A), the offense level is increased by 4.

(ECF No. 22 - PSR at 5, 12).

Ham contends that he did not know the passenger was on the bus and, therefore, did not have the intent to abduct the passenger in the bus. The court need not determine whether intent must be shown for the application of this enhancement because even if this Court were to conclude that Ham's sentence was inappropriately enhanced as to Count Two and counsel was deficient for failing to object, given Ham's career offender status, Ham cannot show prejudice. Because Ham's offense level of 28 was lower than the offense level of 38 under the career offender provision, the higher level applied and the court relied on Ham's career offender status in sentencing him. Non-prejudicial sentencing errors do not warrant § 2255 relief. *See United States v. White,* 238 F.3d 537, 542 (4th Cir. 2001). *See also United States v. Abdel-Aziz*, 67 Fed.Appx. 805 (4th Cir. 2003)(Alleged error with respect to verbal sentence of imprisonment with regard to particular count was harmless, since defendant did not contest validity of adjudication as to that count and because 60 month sentence on that count was to run concurrently with 100 month sentence imposed

on other counts). Accordingly, this ground is without merit.

**Ground Eight: Objections to Base Offense Level of the PSR**

Ham alleges that his defense counsel was ineffective for failing to object to Ham being classified as an armed career criminal and/or a career offender. First, in this ground, Ham simply reasserts generally his previous arguments concerning his criminal history and his classification as a ACC. Moreover, Ham's allegations are general and conclusory, and because he has not alleged any specific deficient performance and prejudice, do not meet the *Strickland* standard. Accordingly, this ground is without merit.

**Ground Nine: Firearm Statute**

Ham contends his defense counsel was ineffective for failing to object to the mandatory minimum sentence of 84 months that he received on Count Three for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Subsection 924 (c) provides for punishment of a violation of § 924 and states that "except to the extent that a greater minimum sentence provided by this subsection or any other provision of law." Specifically, Ham contends that the "except" clause nullifies § 924 (c)(1)(A)'s mandatory minimum sentence requirements because his Count One conviction carries a "greater minimum sentence," fifteen years, than the seven-year mandatory minimum sentence for his Count Three or § 924 (c) conviction.

Ham's claim is foreclosed by *Abbott v. United States*, __ U.S. __, 131 S.Ct. 18, 23, 178 L.Ed.2d 348 (2010)(holding that a defendant who is subject to a mandatory consecutive sentence under § 924 (c) is not spared from that sentence by virtue of receiving a higher mandatory sentence on a different conviction). *See also United States v. Studfin*, 240 F.3d 415 (4th Cir. 2001) (holding that the "except" clause applies only to provisions applying a greater minimum sentence to the § 924 (c) violation itself). Therefore, based on the record,

11

defense counsel was not deficient for not objecting to the mandatory sentence and Ham is unable to demonstrate any prejudice. Accordingly, this claim is without merit.

### Ground Ten: Objections to Guideline Range

Ham contends his defense counsel was ineffective for failing to object to paragraph 58 of the PSR "because of grounds # 2 thru # 9 that [he has] presented to [defense counsel] and [is] now presenting to this Court." (ECF NO. 44 - Habeas Pet. at 11). In this ground, Ham is simply reasserting his previous arguments that his resulting guidelines range was incorrect. Accordingly, this ground is without merit.

### Ground Eleven: Failure to Raise Specific Issues on Appeal

Ham contends his defense counsel was ineffective for failing to raise certain issues on appeal after sentencing and respond to his inquiries about issues Ham asked defense counsel to raise on appeal. Ham's allegations against his counsel are general and, because he has not alleged any specific deficient performance and prejudice, do not meet the *Strickland* standard. Accordingly, this ground is without merit.

### Ground Twelve: Mental Health Issues

Ham contends his defense counsel was ineffective for failing to raise his mental health and raise this issue to the court. He contends he raised his mental issues to defense counsel prior to his sentencing. Morever, at his guilty plea, when the court asked Ham whether he has "ever been treated for abuse of alcohol, drugs or mental illness" and Ham indicated that he was only treated for drug related issues 15 years ago. (ECF No. 37 - Guilty Plea Tr. at 7-8). Ham presents no evidence to support his claim. Accordingly, this claim is without merit.

### Ground Thirteen: Guilty Plea

Ham contends his defense counsel was ineffective because he pressured him into

12

pleading guilty by guaranteeing him that his federal prison sentence wold run concurrently with his state prison sentences.

The Bureau of Prisons ("BOP") apparently concluded that Ham could not serve his state and federal sentences concurrently while in a federal facility because the BOP determined that Ham was not in federal custody when he was sentenced in federal court.[2] In his affidavit, defense counsel states that he had explained the situation to the sentencing judge and the judge was willing to re-sentence Ham, which would have allowed Ham to serve his sentences concurrently. (ECF No. 55 - Aff. of James Loggins § 7). Ham, however, had to first dismiss his pending direct appeal. *Id.* Defense counsel attests Ham, however, chose not to be re-sentenced. *Id.* Ham has not responded to the government's motion for summary judgment or defense counsel's affidavit.

The court also notes that during Ham's sentencing hearing, the court informed Ham that the sentence actually imposed might be different from any estimate his counsel or anyone else may have given him (ECF NO. 38 at 41). The court was also informed that there was no plea agreement in the case. *Id.*

Base on the record before the court, defense counsel was not deficient in advising Ham to pled guilty. Defense counsel attempted to have the sentences run concurrently and reasonably believed Ham was sentenced while in federal custody. Moreover, defense counsel also attempted to address the situation when later faced with the BOP's determination that Ham had not been sentenced while in federal custody. Ham's failure to withdraw his appeal and be re-sentenced was his decision and does not render counsel's

---

[2]While the BOP later determined Ham was not in federal custody, it is apparent from the sentencing hearing transcript that defense counsel had gone to considerable lengths in an effort to have Ham taken out of state custody and placed into federal custody for the sentencing. (ECF No. 38 at 4).

performance deficient. Accordingly, this claim is without merit.

## IV. Conclusion

For the foregoing reasons, the government's Summary Judgment Motion is granted (ECF No. 61) is **GRANTED** and this Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 44) is **DISMISSED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676,683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

August 9, 2013  
Anderson, South Carolina